The Honorable Jim Bob Steel Prosecuting Attorney Ninth Judicial District West 219 N. Main, P.O. Box 548 Nashville, Arkansas 71852
Dear Mr. Steel:
This is in response to your request for an opinion on the following question:
 If the municipal court charges a fee to each case as part of the Defendant's cost to pay the Deputy Prosecutors salary and the actual fees collected exceed the amount paid the Deputy Prosecutor, is the court obligated to pay the extra fees as salary or can they go into the general fund of the county?
 It is my opinion that the court is not obligated to pay the extra fees as salary, and in fact, should not pay the extra fees as salary. The Sevier County Deputy Prosecutor's salary is set by the quorum court within a range provided by law, and any extra fees over this amount, in my opinion, are to go into the county general fund.
In my opinion the relevant law is Act 263 of 1989, which is not codified in the Arkansas Code. It provides, in Sections 1 and 3, respectively, as follows:
 Retroactive to January 1, 1989, the salary of the Deputy Prosecuting Attorneys in Judicial Circuit 9-West comprising Little River, Sevier, and Howard Counties shall be prescribed by the respective Quorum Courts of those counties and shall be not less than Fifteen Thousand ($15,000) nor more than twenty-two thousand dollars ($22,000) annually payable in equal monthly installments from the county general funds of those respective counties.
 The Quorum Courts of Little River, Sevier and Howard Counties may, by ordinance, levy a Twenty Dollar ($20.00) court cost on each criminal action and traffic violation filed in any court within Little River, Sevier or Howard County. All revenues derived from such additional court costs shall be transmitted to each respective County Treasurer and by him deposited in the county general fund of each respective county to help defray the cost of paying the salary and expenses of the Deputy Prosecuting Attorneys within such county.
 As can be seen from the language above, the salaries of the deputy prosecutors in these counties are set by the quorum court within the range given. In my opinion the deputies are not to be paid more than the amount set by the quorum court. If the fee to which you refer is the twenty dollar cost authorized above[1] (levied by ordinance) it can be seen from Section 3 above that the funds are to go into the county general fund to "help" defray the costs of the deputy's salary. Any additional funds, under this section, would remain in county general to be used, presumably, for other county purposes.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
 WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosure
[1] It is noted in additional correspondence from your Deputy Prosecutor for Sevier County, that the fee at issue is one collected under the authority of A.C.A. § 21-6-410, which sets certain fees allowed prosecuting attorneys. It is my opinion that the same conclusion reached above would obtain with respect to these fees. See generally, Op. Att'y Gen. 91-190 (copy enclosed). Even if these are the fees at issue, Act 263 above still authorizes the quorum courts to set the salaries of these deputies with the ranges given, and in my opinion the salaries may not exceed the amount set, regardless of the amount of fees collected.